Michelle S. Nesbett
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone:  907.276.1550
Facsimile:   907.276.3680
Email:  mnesbett@bhb.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>)  Case No.: 3:21-cr-00097-JMK-MMS |
| vs. | )<br>) |
| MARVIN GENE SIMPSON, | )<br>) |
| Defendant. | )<br>) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT
PRODUCED BY MARCH 14, 2022**

Defendant Marvin Gene Simpson, through undersigned counsel, and
hereby moves this Court to exclude all evidence required to be disclosed by March
14, 2022, that was not disclosed by that date.  Mr. Simpson was arraigned on
November 24, 2021.  The original Rule 16 discovery deadline set by the Court in
this case was December 8, 2021.  Discovery was first produced to the defense on
December 21, 2021.  That discovery consisted of a three-page report and Mr.
Simpson's criminal history.  On January 4, 2022, the government produced 15

pages of reports. On January 25, 2022, the government produced the search warrant for Mr. Simpson's phone. On February 24, 2022, the government produced three pages of drug analysis results. On March 4, 2022, the government produced the bulk of the discovery in this case, 4,741 pages, largely consisting of a cell phone extraction report, audio recordings, expert witness details, a few more reports, and photographs. The native file of the cell phone was not produced until March 8, 2022. On March 9, 2022, the government produced, for the first time, the photos of the box that allegedly carried the drugs on October 6, 2021, and photos of those drugs. Five months after the photos were taken.

This Court ordered all discovery, including Jenks material, to be produced by March 14, 2022. On March 14th, the government alerted undersigned that the CI was wearing a wire in their interaction with Simpson on October 8, 2021, and a recording existed. The fact that the CI was wearing a wire was not contained in any report previously provided. The defense had no idea that there were recorded statements of Mr. Simpson, despite specifically asking for any statements of Mr. Simpson multiple times. The government provided a copy of the recording to defense counsel at 4:57 pm on March 14th. This wire was recorded by the DEA

USA V. SIMPSON
DEFENDANT'S MOTION IN LIMINE
01182960.DOCX

CASE NO. 3:21-CR-00097-JMK-MMS
PAGE 2 OF 5

Case 3:21-cr-00097-TMB    Document 42    Filed 03/15/22    Page 2 of 5

on October 8, 2021.  There is no excuse for this just now being discovered, more than five months later.[1]

At 8:09 am on March 15, 2022, undersigned emailed AUSAs Vandergaw and Brickey-Smith that no Jencks Act material had been received by the March 14th deadline, asking when those materials were going to be provided.  As of 8:00 pm on March 15, 2022, undersigned has received no response to that request.

At 5:35 pm on March 15, 2022, the government produced, for the first time, photographs of other packages seized in this case with the recipient address visible.  These photos are important, exculpatory, *Brady* material.  The CI told agents that Mr. Simpson received other packages for him, but these photos show that the packages in the CI's apartment were not sent to Mr. Simpson and were not sent to any address associated with Mr. Simpson.

The government has provided the discovery in this case piecemeal.  The defense has repeatedly had to request additional documents referenced in reports but not provided with those reports.  The defense is still in the process of reviewing the discovery previously disclosed a week ago, yesterday, and additional discovery

---

[1] The defense is not asking for this evidence to be excluded, as it was produced on March 14, 2022.

received today.  Any additional information produced by the government at this late stage would still need to be investigated by the defense.  Providing substantive discovery less than two weeks before trial does not provide the defense enough time to investigate facts and witnesses related to that new discovery.

Mr. Simpson has not voluntarily waived any speedy trial time on this case. His right to a speedy trial within 70 days is already violated by the fact that his trial is starting 110 days after arraignment, during which time he has remained in custody. 18 U.S.C. §3161 (c)(1).  His right to a speedy trial should not be further violated by offering a continuance as a remedy for late disclosed discovery.  Mr. Simpson adamantly objects to any further delay of his trial.

The Due Process clause, the Sixth Amendment, and Federal Rule of Criminal Procedure 16 all demand that a defendant be provided required discovery with enough time before trial to adequately prepare his defense.  In the event of a Rule 16 violation, Rule 16(d)(2) empowers the Court to remedy the violation by granting a continuance, prohibiting the violating party from introducing the evidence at issue, or "any other order that is just under the circumstances."  Fed. R. Cr. P. 16(d)(2).  The bulk of the discovery in this case was produced 86 days after arraignment and only 24 days before trial.  Discovery continues to be produced.  The government should be prohibited from introducing any evidence at

trial that was not provided to the defense by March 14, 2022, if it was required to be produced by that date.[2]

"The government's discretion to investigate and present its case does not override the district court's authority to manage the trial proceedings." *United States v. W.R. Grace*, 526 F.3d 499, 515 (9th Cir. 2009)(en banc).

DATED this  15  day of March, 2022.

Birch Horton Bittner & Cherot
Attorneys for Defendant


By:   s/      Michelle S. Nesbett
Michelle S. Nesbett, ABA #0705028


CERTIFICATE OF SERVICE
I hereby certify that on March 14, 2022,
a copy of foregoing this document
was served ELECTRONICALLY on:

AUSA Klugman
AUSA Brickey-Smith

s/ Michelle S. Nesbett

---

[2] Evidence and statements created after March 14, 2022, in the process of trial preparation or a subsequent grand jury, is not included in this request if it is timely produced once created.